GENESEE VALLEY UNION TRUST COMPANY, Appellant, *v.* ROBERT LEMBKE et al., Respondents.

County Court, Monroe County, June 1, 1962.

*Antell, Potter & Harris* (*Charles H. Githler II* of counsel), for appellant. *De Cesare, Celli & Cerulli* (*Dorando J. Cerulli* of counsel), for respondents.

JOHN P. LOMENZO, J. This is an appeal from an order of the City Court of the City of Rochester (DAVIDSON, J.) entered in the office of the Clerk of said court on the 16th day of November, 1961, denying the plaintiff-appellant's motion for summary judgment.

Prior to August 10, 1960, the Audiographic Rochester Corp.[1] at the request of defendants-respondents[2] husband and wife, installed a fire warning and detection system at the premises of the Owners at an agreed price of $628. The premises are owned by Owners as tenants by the entirety. The Dealer and Owners thereafter made application to plaintiff-appellant[3] for a so-called home improvement loan to finance the payment of the aforesaid installation on an installment basis. The mechanics of the finance program consisted of the execution of a note, the subject of this action, by the Owners, made payable to the Dealer, which in turn negotiated the note and transferred the same for value to the Bank.

The note was executed on the 10th day of August, 1960, in the sum of $750.24, which amount included a service charge of $122.24 added to the original amount of the contract price of $628, payable in 36 monthly installments of $20.84 each.

The application for the home improvement loan provided a printed notice to Owners as applicants, that the selection of a contractor doing the work, acceptance of materials used and quality thereof, and the manner in which the work was performed was the responsibility of the Owners, and that the Bank did not guarantee materials or workmanship. The Owners executed the application on the same day the subject note was executed, August 10, 1961. In addition and in conjunction with the afore-

---

1. Hereinafter referred to as Dealer.
2. Hereinafter referred to as Owners.
3. Hereinafter referred to as Bank.

said application the Bank required the Dealer and the Owners to execute a home improvement completion certificate, certifying that the Dealer had delivered the materials to be furnished and satisfactorily completed the work to be done. This form also contains the printed notice to the Owners that the Bank does not guarantee the material or workmanship involved. This form on August 10, 1960 was signed by the Owner Veronica J. Lembke, and on the following day by the Dealer. The Owner, Robert Lembke, did not execute the certificate.

The Owners have made no payments on the subject note and the Bank sues as a holder in due course for value upon the note to recover the total amount due pursuant to the terms thereof.

The Bank, on its motion for summary judgment submitted affidavits in support of its position that no triable issue is present, and asserts its status as a holder in due course for value, and receipt of the note in good faith. The Owners oppose the motion, submitted no supporting affidavits, and relied entirely upon the answer interposed which consists of a general denial and an affirmative defense.

The affirmative defense alleges that the Bank received the subject note as an *assignee* and that consequently the note is subject to any defenses available to the makers of the note, the Owners herein, against the original payee, the Dealer herein. The answer alleges that on the 12th day of August, 1960, two days after the application and note were executed by Owners and negotiated to the Bank, the Owners elected to rescind the contract between them and the Dealer, and notified the Bank on the same day of this election, and allege further upon *information and belief* that the Bank knew of such intention to elect to rescind prior to the time the Bank received the note. That since one of the Owners, the husband Robert Lembke, did not sign the completion certificate the Bank is chargeable with prior notice of a defect in, or a defense against the note, and further, that an agent of the Dealer made prior false representations to the Owners which were relied upon by them, and which induced them to enter into the subject contract, and that the contract is void and that the Bank knew, or *should have* known, of the fraudulent statements made by the agent of the Dealer.

There is no allegation or contention either in the answer or memorandum submitted by Owners that the Dealer did not fully and satisfactorily perform its obligations under the subject contract. The only contention in the affirmative defense of the answer herein, and enlarged upon in the *memorandum* submitted by the Owners, is that the Dealer, through its agent, represented to the Owners that they would not have to pay any

amount of money to the Bank within six or seven months from the date of installation, and that the cost to them would be a small portion of the subject note, and that they would in fact "probably make a profit on the transaction by paying nothing." Thus the only basis for an alleged issue of fraud complained of by the Owners, practiced upon them by the Dealer, of which it is contended the Bank knew, or should have known, prior to the negotiation of the subject note, is directed to the *terms* of the subject note. However, there is no allegation in the answer, or contention even in the memorandum submitted by Owners upon this appeal, which this court is not required to consider, that the very terms complained of by the Owners are not contained in the subject note signed by *both* Owners. The execution of the subject note by the Owners is not questioned or attacked. The allegation of the Owners that the Bank knew, or *should have known*, of the alleged misrepresentations of the Dealer made to the Owners as to the terms of the note are bare alternative conclusions entirely inconsistent with the acknowledged act of both Owners in signing the subject note and are insufficient on a motion for summary judgment. Under these circumstances the Owners defendants were required to come forward and present evidentiary support for such a conclusion. While it cannot be said that the failure to furnish answering affidavits or other proof is fatal, a party opposing the motion is required to satisfy the court that there is a basis for the defense pleaded. Neither party, under the new liberalized rule 113 of the Rules of Civil Practice is relieved from making an *evidentiary* showing, and the rule specifically requires it. "The purpose of summary judgment procedure is to search out the evidentiary facts and determine the existence of an issue from them. Bald conclusory assertions, even if believable, are not enough." (*Kramer* v. *Harris*, 9 A D 2d 282, 283.)

The search conducted by the court upon a motion for summary judgment is to determine upon an examination of the pleadings and papers submitted, whether a *real* and material issue is disclosed, "rather than a formal, perfunctory, or shadowy one;" and the defendants for that purpose must "assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial." (*Di Sabato* v. *Soffes,* 9 A D 2d 297. 300–301.)

Where, as here, the plaintiff pleads a cause of action supported by sworn evidentiary matter, bare conclusory allegations in the answer without more are insufficient to establish the existence of an issue to be tried. The Owners contend further

in their affirmative defense that their election to rescind, and notice thereof to the Dealer two days after the execution of the note and negotiation of the same to the Bank upon *information and belief*, was known to the Bank prior to the execution of the note. A defendant cannot shelter himself behind general or specific denials or denials of information sufficient to form a belief, or on information and belief. Under the new liberalized rule some evidentiary *substance* is required in the assertions and contentions relied upon by either party, and again such bald conclusory allegations in a pleading falls short of the requirement of the rule.

The Bank sues and asserts its position as a holder in due course by allegations in its complaint and supporting affidavits, and this position is met by Owners, not by a direct denial, but upon a denial of information sufficient to form a belief as to whether the Bank is or is not a holder in due course.

The Owners complain of an incomplete certificate of completion by the failure of one of the Owner's signature. It seems clear that the purpose of the requirement to have the Owners (who are the borrowers) sign and certify to the representations contained in such a form is to prevent the commission of a *fraud upon the Bank*; and its use, or lack of it, does not, by itself, foreclose the Bank its status as a holder in due course. The entire loan transaction is based on the request for, and payment of funds for completed home improvements. Such furnishes the basis and the inducement of the Bank to lend its funds. But the purpose of the requirements found in the completion certificate was to assure the Bank, before it loaned the money, that the contract between the Owners and the Dealer was satisfactorily performed and completed; and on this point there *is no issue* here, nor would there be upon any trial. The Owners do not contend otherwise. The lack of the husband-owner's signature on the form, as to satisfactory and completed performance of the terms of the contract, cannot be utilized or availed of as evidence that the Bank had prior notice of a totally unrelated act of alleged fraud committed by the Dealer against the Owners.

The order of the City Court in denying the motion of plaintiff-appellant herein for summary judgment entered on the 16th day of November, 1961, is reversed. Summary judgment in favor of the plaintiff-appellant and against defendants-respondents in the sum of $786.12 with interest on the sum of $655.10 computed from October 10, 1960, is granted.